Archibald C. Wemple, J.
Briefly the facts of the case are that the defendants hired certain employees to perform services in the construction of certain houses and it was allegedly agreed upon as to the hourly rate each individual employee would be paid. It was contended in the lower court that the defendants failed to pay these employees certain wages earned and as a result have become indebted to said employees in the following *994 amounts: Fred Dziewit, $1,539.82; John Gasner, $537; Joseph Banach, $760.50; Frank Dziewit, $1,794.
The defendants contend in their notice of appeal and supporting affidavit that the Justice erred in considering unsworn testimony of Fred Dziewit and John Gasner. This court finds that there was no error since the defendants made no objection at the time the unsworn witnesses were testifying, thereby waiving their right to do so at a later time. The necessity that an adverse witness be sworn may be waived. (Keeney v. State, 53 Okla. Cr. 1). If a party fails to object to the taking of the testimony of a witness without the administration of an oath, he will be deemed to have waived the objection. (Fetty v. State, 119 Neb. 619.)
In a case where an oath is required, the parties may waive the administration of the oath, and the waiver may be either expressed or implied. (People ex rel. Niebuhr v. McAdoo, 184 N. Y. 304.)
The record indicates that the People substantiated the element of intent on the part of both defendants.
This court finds that the violations allegedly committed by the defendants were committed within the jurisdiction of the lower court and said court properly heard the matter.
The affidavit of complaint is not defective since it was signed and sworn to before Honorable Homer W. Brown, Justice of the Peace, an officer duly authorized to take oaths.
This court finds that said complaint is sufficient since it sets forth the offenses charged and the specific acts constituting the alleged offenses.
It is the holding of this court that the People showed beyond a reasonable doubt the guilt of the defendants of the offenses charged.
The defendants, in their affidavit upon appeal enumerate other alleged errors committed in the lower court, but upon review of the entire record these matters and rulings by the Justice were discretionary and in no way prejudicial to either of the defendants.
The judgments and sentences of the lower court are affirmed in all respects.