**Archie PELTZMAN, Plaintiff-Appellant,**

v.

**Admiral Willard J. SMITH, Commandant of the United States Coast Guard, Defendant-Appellee.**

No. 121, Docket 32407.

United States Court of Appeals Second Circuit.

Argued Nov. 8, 1968.

Decided Dec. 11, 1968.

Sheldon May, Brooklyn, N. Y. (Schonfeld, Schonfeld & May, Brooklyn, N. Y., on the brief), for plaintiff-appellant.

Peter R. DeFilippi, Asst. U. S. Atty., New York City (David Paget, Asst. U. S. Atty., and Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, New York City, on the brief), for defendant-appellee.

Before MEDINA and WATERMAN, Circuit Judges, and LEVET, District Judge.*

PER CURIAM:

Plaintiff, a merchant seaman and one-time radio operator, appeals from the dismissal for lack of subject matter jurisdiction of his suit which was originally to declare unconstitutional the Coast Guard regulations governing the issuance of radio operators' licenses on merchant marine vessels, promulgated pursuant to 46 U.S.C. Section 229, to direct the issuance of a license and for other relief.

* Of the Southern District of New York, sitting by designation.

336

Upon stipulation of the parties, plaintiff resubmitted his license application and the license has now been granted. Thus the principal charge became moot. The remaining, belatedly asserted, claim seeking damages for the alleged wrongful withholding of the license for 18 years was properly dismissed as the Government has given no consent to be sued on such a claim. See 28 U.S.C. Section 2680(a). Viewed as a personal claim against the Commandant the latter is immune from suit based upon the exercise of a discretionary duty. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). Moreover, we think Judge Ryan did not abuse his discretion in refusing to transfer this suit to the Court of Claims, see 28 U.S.C. Section 1406(c), or to award costs to plaintiff.

Affirmed.