## (November 9, 1971)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ALAN CARROLL, Appellant.— Appeal from a judgment of the County Court of Otsego County upon a jury verdict convicting the defendant of the crimes of burglary in the third degree (Penal Law, § 140.20), and petit larceny (Penal Law, § 155.25). The defendant has been convicted of burglarizing the York Modern Corporation on the evening of February 18, 1970 and removing approximately $25 in United States currency from the safe in concert with his brother, Stephen. Before the night of the crime, the State Police were warned of anticipated burglaries in Unadilla, New York and notified the York Modern officers to photocopy $25 worth of United States currency and place the money in the safe. The day after the burglary occurred, the State Police questioned Michael Carroll, a third brother, who implicated appellant in the burglary. The police arrested appellant and Stephen at about 4:00 P.M. February 18 and found a $1 bill and a $10 bill in appellant's possession with the same serial num-

bers as those photocopied. On cross-examining one of the State Police investigators, appellant's counsel developed evidence of a conversation between other State Police officers and an informant, during which the police were told appellant planned to burglarize the York Modern Corporation. Additionally, a brother of the appellant, Michael Carroll, called as a witness by the People, was allowed to testify although he refused to testify under oath. (See *People v. Zaleski Gen. Contr.*, 46 Misc 2d 993, affd. 16 N Y 2d 733.) He denied talking with the police about the burglary the next day. The People thereupon produced an affidavit signed by him in which he related that his brothers had asked him to participate in the burglary the night before, that he had refused and they had returned at 6:00 A.M. on the morning of February 18, 1970, awakened him, and told him that they had burglarized York Modern. There was no objection taken to any of this testimony by the appellant. In fact, his counsel elicited the testimony of the conversation with the informant on cross-examination and developed it at length. Under the circumstances, errors in the receipt of this evidence are not open for review. There are three errors in the court's charge, none of which were excepted to by appellant or the codefendant, but which require consideration of whether the judgment should be reversed in the interest of justice. (CPL 470.15, subd. 6.) The court charged section 165.50 of the Penal Law, criminal possession of stolen property, but omitted reading the requirement that the property exceed $1,500 in value. Apparently, it intended to charge section 165.55 dealing with the presumption arising upon the prosecution of indictments for criminal possession of stolen property. The net effect of this was to suggest to the jury that appellant was guilty of a crime which was not charged and was not an included offense in those that were charged. After reading the statute, the court attempted to state the common-law rule on possession of the fruits of a crime, but in doing so, stated that "the proof of exclusive, knowing possession by a defendant, recently after the theft of some or all of property which has been stolen, is sufficient to throw upon him the burden of showing how he came by it and * * * such possession if unexplained is sufficient to warrant his conviction" of the crime of burglary. These two errors effectively accused defendant of a crime that he was not charged with and placed the burden on him to prove his innocence. The rule properly is that upon a finding that the appellant was in possession of the fruits of a crime, recently after its commission, and that such possession was unexplained either by direct evidence, by the attending circumstances or otherwise, the jury may infer guilt (*Knickerbocker* v. *People*, 43 N. Y. 177). But the burden of proof rests upon the People throughout the trial, not on the defendant. (*People* v. *Papanier*, 15 N Y 2d 727, revg. 20 A D 2d 672 on the dissenting opn. at the Appellate Division.) The failure to explain possession or the false explanation of possession permits a factual inference of guilt by the jury, but it does not remove the presumption of innocence. The error is reviewable in the interest of justice even though no request or exception was urged. (*People* v. *Palmieri*, 12 A D 2d 522.) Additionally, the court's charge with respect to the affidavit of Michael Carroll was erroneous. The statement was received as a prior inconsistent statement (Code Crim. Pro., § 8-a). As such, it was admissible solely for impeaching the testimony of the witness and not as affirmative evidence of guilt. (*People* v. *Freeman*, 9 N Y 2d 600; *People* v. *Tisdale*, 18 A D 2d 274.) Even when the defendant fails to request such an instruction the court must advise the jury that the statement is not direct evidence but received solely to affect the credibility of the witness. (*People* v. *Goetz*, 12 N Y 2d 689; *People* v. *Clegg*, 18 A D 2d 694; and, see CPL 60.35, subd. 2.) In its charge on the subject, the trial court stated: "it is for you to determine what credence you

will give to the statement and to the testimony of the witness here in court". While the instruction is couched in terms of credibility, the jury's understanding of it could have only been that they could consider the statement as direct evidence of the appellant's guilt. These errors are fundamental. The cumulative effect of them necessarily deprived appellant of a fair trial. (CPL 470.15, subd. 6, par. [a].) Judgment reversed, as a matter of discretion and in the interest of justice, and a new trial ordered. Herlihy, P. J., Greenblott, Cooke, Sweeney and Simons, JJ., concur.