**DIVINE FARMS, INC., Plaintiff,**

v.

**John R. BLOCK, Secretary of the United States Department of Agriculture; Richard E. Lyng, Deputy Secretary of the United States Department of Agriculture; Jerry W. Newcomb, Director, Emergency Operations and Livestock Programs Division, Agricultural Stabilization and Conservation Service, United States Department of Agriculture, Defendants.**

No. EV 84–129–C.

United States District Court,
S.D. Indiana,
Evansville Division.

Jan. 4, 1988.

Maurice A. Byrne, Jr., New Albany, Ind., John R. White, Nashville, Tenn., James F. Havill, Washington, Ind., Barnett & Alagia, Louisville, Ky., for plaintiff.

Gerald A. Coraz, Asst. U.S. Atty., Indianapolis, Ind., for defendants.

ORDER

BROOKS, Chief Judge.

Divine Farms, Inc. (hereinafter "Divine Farms") is an Indiana corporation with its principal place of business in Washington, Indiana. On October 25, 1980, Divine Farms made a voluntary decision to shut down and begin extensive repair of its dairy farm operation in order to correct automatic equipment problems and make its operation more efficient. This shutdown occurred until September 30, 1981. During 1982, Divine Farms produced 914,-494 pounds of milk. During 1983, Divine Farms' production increased to 1,417,425 pounds of milk. Although the 1983 production greatly exceeded the 1982 production level, it did not meet Divine Farms' average pre-repair period production level of approximately 1,675,000 pounds of milk.

On November 29, 1983, the Dairy & Tobacco Adjustment Act of 1983 became effective.

The program is required by Section 201(d)(3) of the Agricultural Act of 1949 (7 U.S.C. § 1446), as amended by the Dairy & Tobacco Adjustment Act of 1983. Pub.L. 98–180 (hereinafter the "Act").

The Act authorized the Secretary of Agriculture to enter into contracts with the producers of milk for milk marketing reductions from base period levels during a specific contract period. The contract period was set to run for a fifteen-month peri-

od from January 1, 1984 to March 31, 1985 [§ 201(d)(3)(A)]. For such reductions, the Secretary of Agriculture was authorized to make payments to producers at a rate of $10.00 per hundred-weight [§ 201(d)(3)(C)]. The Act provided that the base levels from which it would be determined whether or not a reduction in marketings had been made during the contract period would be derived from either the producer's calendar year 1982 marketings of milk or the average marketings by the producer during calendar years 1981 and 1982 [§ 201(d)(3)(F)].

Insofar as adjustments to marketing history in connection with the calculation of the milk base, Congress provided the Secretary of Agriculture with discretionary authority to adjust a farmer's base to the extent that the Secretary determined necessary:

> "[T]he producer's marketing history may be adjusted as the Secretary [of the USDA] determines necessary to correct for abnormally low production resulting from a natural disaster or other conditions beyond the control of the producer or such other factors as the Secretary determines necessary to provide a fair and equitable marketing history." 7 U.S.C. § 1446(d)(3)(F).

The first step in acquiring a contract is to establish a base (7 C.F.R. § 1430.405). This is done by having the producer file the appropriate forms with the county office. The particular form submitted by Divine Farms to the Daviess County office had blanks for monthly production in 1981 and 1982. Divine Farms filled out the 1982 blanks and showed, for 1982, marketings of 900,000 pounds of milk.

The United States Department of Agriculture ("USDA"), via its Daviess County office, approved a base derived from the 900,000 pound figure on January 15, 1984. Subsequently, Divine Farms sent a letter (Ex. 2 to Newcom's Affidavit) to the Daviess County office indicating its base should be adjusted to show its pre–1980 marketing levels because the farm had voluntarily participated in a shutdown of the business for repairs in 1980 which resulted in no 1981 milk production. According to

the letter, Divine Farms went back into operation in the fall of 1981.

Divine Farms seeks a milk base of 1,675,-000 pounds which they claim they should be allowed by using the period prior to 1980 as its base period. The county office rejected this request for adjustment on January 25, 1984.

Divine Farms further challenged its base to the state Agricultural Stabilization and Conservation Service ("ASCS"), Daviess County offices, who informed them they had no authority to adjust their milk base. This matter was then referred to the national ASCS office. The ASCS office considered the case record furnished by the Indiana State ASCS office and additional information furnished during an informal telephone hearing on February 14, 1984. The national ASCS, on March 5, 1984, affirmed the county committee action. Divine Farms further challenged its milk base by filing a petition for reconsideration. The national ASCS had a personal hearing with Divine Farms on March 21, 1984 and rendered yet another decision on April 4, 1984, again affirming the county committee's action.

In the March 5, 1984 letter, the agency noted that when an adjustment was allowed, the adjustment would permit the farmer to use average marketings for 1980, 1981, and 1982 in lieu of actual marketings in 1982 or the average of actual marketings of 1981 and 1982. The letter also noted that the regulations permitted an adjustment only in the case of a natural disaster or conditions beyond the control of the producer. However, as stated in the March 5, 1984 letter, "The facts in this case are that you voluntarily withdrew from milk marketing" and the letter concluded "We cannot establish that your reduced marketings during the base years were because of reasons beyond your control since you acknowledged that it was done voluntarily." Similarly, in the April 4, 1984 decision, the agency concluded that "since your reductions resulted from a managerial decision we must again deny your appeal."

Both administrative appeals were filed pursuant to 7 C.F.R. § 780. The result of

both being denied exhausted Divine Farms' right of administrative appeal. Divine Farms filed this lawsuit seeking to have its milk base adjusted. Specifically, it is alleged that the failure of the USDA to set a higher base constituted a taking of property in violation of the Fifth Amendment of the Constitution.

The plaintiff has asked that this Court order the USDA to set a higher base or, in the alternative, that the Court order USDA to pay damages of $90,000.00 to Divine Farms. The plaintiff, in addition, has moved for a preliminary injunction. Divine Farms cites 28 U.S.C. § 1331 and 5 U.S.C. § 702 as jurisdiction for this lawsuit.

On September 14, 1984, this Court denied the plaintiff's motion for preliminary injunction, concluding that there was no showing of irreparable harm and that there existed an adequate remedy at law. This Court held that the sole damages apparent to this Court are monetary in nature and if the plaintiff is successful on the merits, money damages would make the plaintiff whole.

This matter is now before this Court on the motion by defendants pursuant to Rule 12(b)(1) and (6) and Rule 56 of the Federal Rules of Civil Procedure, to dismiss and/or for summary judgment.

Of the claims in support of this motion, this Court addresses only the contention that this Court lacks subject matter jurisdiction over this cause.

It has long been established that the United States is sovereign and may not be sued without a waiver or consent. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1975). The waiver cannot rest on implication but must be "unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). It must not only cover the subject matter of the suit but must also specifically permit the suit in the court where it is filed. As the court held in *Mitchell*, "[I]t is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued * * * and the terms of its consent to be sued in any court define that court's jurisdiction to

entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980), quoting *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Cole v. United States*, 657 F.2d 107 (7th Cir.1981), *cert. denied*, 454 U.S. 1083, 102 S.Ct. 639, 70 L.Ed.2d 618 (1981).

Divine Farms asserts in its complaint that the jurisdiction of the district court is based on 28 U.S.C. § 1331 because this cause of action arises under a statute passed by Congress. 28 U.S.C. § 1331 provides in part:

"§ 1331. Federal Question

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

The language of § 1331 is very broad in granting original jurisdiction to the district courts. However, this section granting jurisdiction to district courts for cases arising out of the Constitution or laws of the United States does not mean that jurisdiction is not precluded by another statute or doctrine of judicial administration. *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690 (3rd Cir.1979); *cert. denied*, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980).

The United States claims that the Tucker Act (28 U.S.C. §§ 1346, 1491) grants exclusive jurisdiction over this matter to the U.S. Claims Court.

28 U.S.C. § 1491 provides that:

"§ 1491. Claims against United States generally,

"The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

However, this Court recognizes that the United States district courts have concurrent jurisdiction with the U.S. Claims Court in suits against the United States where the amount in controversy does not exceed

$10,000. 28 U.S.C. 1346(a)(2), commonly referred to as the Tucker Act, provides in part:

"§ 1346. United States as defendant

"(a) The district courts shall have original jurisdiction concurrent with the Court of Claims, of:

"* * *

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

Thus, on a claim against the government not exceeding $10,000, the jurisdiction of the U.S. Claims Court and the district court is concurrent. However, if the case involves more than $10,000, the U.S. Claims Court has *exclusive jurisdiction* where the amount in controversy exceeds $10,000. *Portsmouth Redevelopment & Housing Auth. v. Pierce,* 706 F.2d 471 (4th Cir. 1983), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983); *Keller v. Merit Systems Protection Bd.,* 679 F.2d 220 (11th Cir.1982); *Amalgamated Sugar Company v. Bergland,* 664 F.2d 818 (10th Cir.1981); *Clark v. United States,* 691 F.2d 837 (7th Cir.1982); *Chicago Consortium Inc. v. Brennan,* 599 F.2d 138 (7th Cir.1979). Any such claim brought in the district court must be dismissed.

The damage claim set forth in the complaint is for $90,000 and, accordingly, is far in excess of the $10,000 limit set out in 28 U.S.C. § 1346(a). Under the explicit terms of the Tucker Act, jurisdiction in this case lies in the U.S. Claims Court exclusively. However, as an alternative to its $90,000 claim, Divine Farms "seeks a mandatory or injunctive decree ordering the defendants to assign Divine Farms a base or quota of $1,675,000 pounds of milk...." (Complaint at p. 6). Divine Farms contends that the Tucker Act does not apply to this case. Divine Farms' basic position on the jurisdictional issue is that this Court provides them with the only forum available to secure the equitable relief necessary to prevent a taking of its property. Divine Farms contends that by arbitrarily and capriciously restricting its base to 900,000 pounds of milk based on its production for 1982, the defendants are penalizing them for their shutdown, the result of which Divine Farms claims is the threatened financial stability of their dairy operation. Divine Farms argues here that its alternative request is truly an equitable remedy sought to compel the Secretary of Agriculture to reestablish Divine Farms' milk base, as the plaintiff contends is required under Section 102(d)(3)(F) of the 1983 Act, and thus jurisdiction is proper in this Court under 28 U.S.C. § 1331.

The United States contends that the principal relief sought in this case, regardless of the equitable claim asserted, is an award of money damages in excess of $10,000. Thus under the Tucker Act, jurisdiction exists exclusively in the U.S. Claims Court. 28 U.S.C. §§ 1346(a)(2) and 1491.

■ In determining whether this matter is properly before this Court or is a matter for the U.S. Claims Court, it is necessary to analyze the nature of the plaintiff's equitable claim. The Court must look beyond the facial allegations of the complaint to determine the true nature of the suit. *Sellers v. Brown,* 633 F.2d 106 (8th Cir.1980); *Estate of Watson v. Blumenthal,* 586 F.2d 925 (2nd Cir.1978); *American Science & Engineering, Inc. v. Califano,* 571 F.2d 58 (1st Cir.1978); *Warner v. Cox,* 487 F.2d 1301 (5th Cir.1974). If, as Divine Farms argues here, this case is truly one for equitable relief to compel the Secretary of Agriculture to reestablish Divine Farms' milk base, as the plaintiff contends is required under Section 201(d)(3)(F) of the 1983 Act, then jurisdiction is proper in this Court under 28 U.S.C. § 1331. In the alternative, if the principal relief sought is an award of damages in excess of $10,000 then, under the Tucker Act, jurisdiction exists only in the U.S. Claims Court. 28 U.S.C. §§ 1346(a)(2) and 1491.

It is the Court's opinion that the gist of Divine Farms' claim is that the Secretary of Agriculture's improper application of

Section 201(d)(3)(F) of the Act operates to deprive it of federal funds to which the Act entitles it. This claimed injury can be redressed fully by an award of damages if plaintiff's allegations are proven correct. In such a situation, equitable relief would be inappropriate. *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); 11 Wright & Miller, Federal Practice and Procedure, § 2942 at 368–69, 371 (1973), and a claim for such relief is therefore insufficient to bypass the exclusive jurisdiction of the U.S. Claims Court. This requested remedy is at most ancillary to the claim for monetary damages.

It is this Court's opinion that the U.S. Claims Court's jurisdiction cannot be avoided by a complaint that appears to seek equitable relief. It is the basis of this equitable relief which will pave the way for monetary damages for the plaintiff. "That the complaint is cast in terms of a declaratory judgment cannot alter the fact that what in substance is sought is a money judgment against the United States...." *Carter v. Seamans*, 411 F.2d 767 (5th Cir. 1969); *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970).

Furthermore, it is the opinion of this Court that by awarding damages to the plaintiff there would be no necessity for an equitable judgment, for plaintiff would have won its constitutional argument in order to succeed.

> "To hold, as [they ask], that the joining of injunctive relief with their damage claim is sustainable on the jurisdictional base of Section 1331, would expend the jurisdiction of the district courts beyond that which we think Congress intended. Indeed, in such a case as [this], to hold for [plaintiff] would make the jurisdiction of the district court coextensive with the Court of Claims. The Tucker Act, 28 U.S.C. § 1346(a)(2), again in terms, limits the jurisdiction of the district courts on account of such claims to the maximum amount of $10,000, which we are without power to extend." *Clark v. United States*, 596 F.2d 252 (7th Cir.1979), citing *Cook v. Arentzen*, 582 F.2d 870 (4th Cir. 1978).

Although Divine Farms has coupled its claim for equitable relief with its claim for monetary damages, it is the opinion of the Court that the relief sought by Divine Farms is principally one for damages in excess of $10,000. While it is true that Divine Farms seeks equitable relief regarding the milk base set by the Secretary of Agriculture, this relief is merely incidental to the primary remedy requested which mandates compensation from the federal government for the damage sustained in allegedly violating Divine Farms' Fifth Amendment rights. Thus, Divine Farms' claim "is essentially one against the United States for the payment of damages." Such a claim, when in excess of $10,000, is within the exclusive jurisdiction of the U.S. Claims Court. *Polos v. United States*, 556 F.2d 903 (8th Cir.1977).

The proper jurisdictional base is in the U.S. Claims Court under 28 U.S.C. § 1491 and not § 1331. Section 1491 provides the forum in which plaintiff may present its damage case on the merits and, if meritorious, Divine Farms would automatically receive both forms of relief requested.

Thus, to permit this action to proceed in the district court would be to undermine the U.S. Claims Court's jurisdiction by permitting the district court to grant relief in excess of the jurisdictional limits of the Tucker Act. "It is sufficient for our purpose that use of § 1331 as a source of jurisdiction to entertain a claim and grant a judgment for damages greater than $10,-000 would infringe on the exclusive jurisdiction of the Court of Claims." *Id.* at 905 (8th Cir.1977).

Section 1331 does not give district courts jurisdiction in suits that must be brought exclusively in the U.S. Claims Court. *Navajo School Bd., Inc. v. Andrus*, 664 F.2d 229 (C.A.N.M.1981); *cert. denied*, 456 U.S. 963, 102 S.Ct. 2041, 72 L.Ed.2d 487 (1982).

■ The plaintiff, Divine Farms, further relies on Section 702 of the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, as conferring jurisdiction upon this Court to determine the merits of this case.

Section 702 states:

"§ 702. Right of Review

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer of employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."

This Court recognizes that Title 5, U.S.C. § 702 makes clear that a person wronged by agency action "is entitled to judicial review thereof." But, as § 703 of Title 5 suggests, "this language (of § 702) was not intended as an independent jurisdictional foundation, since such judicial review is to proceed 'in a court specified by statute' or 'in a court of competent jurisdiction.'" *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

Although § 702 grants a right of review, it is clear that this provision applies only in actions "seeking relief other then money damages," which is not the fact here. In the present case, Divine Farms seeks an equitable remedy by way of a court order forcing the USDA to adjust its milk base or, in the alternative, order the USDA to pay monetary damages of $90,000 to Divine Farms. While both types of relief are sought in this case, the claim for monetary relief constitutes the keystone of this entire cause because a money judgment is sought in excess of $10,000, therefore, the district court is not a court of competent jurisdiction under § 702.

It is the opinion of this Court that the claim for equitable relief is essentially a claim for monetary relief and subject to the defense of sovereign immunity unless brought under the Tucker Act. The Court thinks to render a judgment for equitable relief constitutes money damages and precludes the application of Section 702 to the instant case. *Jaffee v. United States*, 592 F.2d 712 (3rd Cir.1979). ("A plaintiff cannot transform a claim for damages into an equitable action by asking for equitable relief that orders the payment of money."), *cert. denied*, 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979). Such an action does not come within the waiver of 5 U.S.C. § 702. In addition, § 704 states that judicial review is inappropriate where there exists some other adequate remedy in a court. Such a remedy is available in the U.S. Claims Court.

This Court, though without jurisdiction to decide the merits of the case, is empowered to transfer it to the U.S. Claims Courts if the interest of justice so requires. *Peltzman v. Smith*, 404 F.2d 335 (2d Cir. 1968); 28 U.S.C. § 1406(c). It is evident that the transfer of this case to the U.S. Claims Court is in the interest of justice.

Accordingly, defendants' motion for summary judgment is GRANTED and the complaint is REMOVED from this Court for lack of subject matter jurisdiction, and, in the interest of justice, TRANSFERRED to the U.S. Claims Court.