MEMORANDUM DECISION and ORDER
 

 PARKER, District Judge.
 

 BACKGROUND
 

 Petitioner Robert Taylor, appearing
 
 pro se,
 
 seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that he was convicted of assault in the first degree in violation of the Due Process Clause of the Fifth and Fourteenth Amendments and the Grand Jury Clause of the Fifth Amendment, and that he was denied the effective assistance of trial and appellate counsel in violation of the Sixth Amendment. Taylor is currently incarcerated at the Eastern Correctional Facility in Napanoch, New York, pursuant to a judgment of the County Court of Dutchess County, dated June 13, 1988, convicting him of manslaughter in the first degree, assault in the first degree and criminal possession of a weapon. He was sentenced to a term of 11 to 20 years imprisonment for manslaughter, a term of 4 to 8 years imprisonment for assault to run consecutively, and a term of 2 to 4 years imprisonment for weapon possession to run concurrently with the other sentences.
 

 Taylor appealed the judgment of conviction on the grounds that (1) the evidence at trial was insufficient to establish manslaughter in the first degree, (2) assault in the first degree is not a lesser included offense of the offense with which he was charged, that is, attempted murder in the second degree, and (3) he was denied a fair trial as a result of
 
 *252
 
 improper rulings and questions by the court and prosecutorial misconduct during summation. The Appellate Division affirmed the judgment on November 18, 1991, and the New York Court of Appeals denied his application for leave to appeal on April 1, 1992.
 
 See People v. Taylor,
 
 177 A.D.2d 675, 577 N.Y.S.2d 73, 74-74 (2d Dep’t.1991),
 
 lv. denied,
 
 79 N.Y.2d 1008, 584 N.Y.S.2d 462, 594 N.E.2d 956 (1992).
 

 Taylor subsequently filed with this court a petition for a writ of habeas corpus, on the grounds that assault in the first degree is not a lesser included offense of attempted murder in the second degree, the evidence at trial failed to establish his guilt of first degree manslaughter beyond a reasonable doubt, and he was denied a fair trial as a result of improper rulings and questions by the court and prosecutorial misconduct during summation. The petition was reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases and, in an order dated June 9,1992, dismissed without prejudice for failure to raise a federal constitutional claim.
 
 See Taylor v. Mann,
 
 No. 92 Civ. 3964 (GLG), slip op. at 2 (S.D.N.Y. June 9,1992).
 

 Thereafter, Taylor moved the Appellate Division for a writ of error
 
 coram nobis
 
 to set aside the judgment of conviction, claiming that he was denied the effective assistance of appellate counsel on the direct appeal of his conviction, because appellate counsel failed to argue the issues on appeal under the federal constitution and faded to raise the allegedly meritorious claim that the trial court improperly equated “to a moral certainty” with “beyond a reasonable doubt” in its instructions to the jury. Based on the papers filed in support and in opposition to the motion, the state
 
 coram nobis
 
 court denied the motion without opinion in an order, dated November 20, 1992, and denied his application for leave to appeal on December 18,1992.
 

 Taylor again filed with this court a petition for a writ of habeas corpus, claiming that: (1) the evidence at his trial was insufficient to sustain his manslaughter conviction; (2) the trial court unconstitutionally limited his cross-examination of a prosecution witness; (3) the prosecutor’s conduct during summation deprived him of a fair trial; (4) the state trial court’s questioning of witnesses during the trial deprived him of a fair trial; and (5) he was deprived of his right to effective assistance of counsel on his direct appeal. The petition was denied on the grounds that the claims were either procedurally barred or lacked merit.
 
 See Taylor v. Mann,
 
 No. 93 Civ. 2576 (GLG), slip op. at 23 (S.D.N.Y. Mar. 2,1994),
 
 appeal dismissed,
 
 No. 94-2185 (2d Cir. Aug. 24,1994).
 

 Taylor then filed the instant petition raising two grounds for issuance of the habeas writ. First, he claims that his conviction for assault in the first degree was obtained in violation of the Due Process Clause of the Fifth and Fourteenth Amendments, because assault in the first degree is not a lesser included offense of attempted murder in the second degree. Second, he claims that he was convicted of assault in violation of the Fifth Amendment’s Grand Jury Clause because the grand jury indictment did not include that offense.
 
 [1]
 

 
 *253
 
 After filing the petition, Taylor requested permission to amend his petition to add arguments for ineffective assistance of trial and appellate counsel. Based on Taylor’s representation in his application that he had exhausted the remedies available in state court in connection with these arguments, this Court granted his application in an order dated November 6, 1995. In his supplemental memorandum of law, Taylor argues that trial counsel’s request that the jury be charged on assault in the first .degree, and appellate counsel’s failure to raise an ineffective assistance of trial counsel claim based on trial counsel's request, denied him effective assistance of trial and appellate counsel in violation of the Sixth Amendment.
 

 DISCUSSION
 

 1.
 
 Exhaustion of State Remedies and Procedural Default
 

 a.
 
 Legal Standard
 

 Under 28 U.S.C. § 2254(b), this Court may not review the merits of Taylor’s habeas claims unless he has “exhausted the remedies available in the courts of the State.” 28 U.S.C. § 2254(b) (1988). “To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims ‘to the highest court of the pertinent state.’ ”
 
 Bossett v. Walker,
 
 41 F.3d 825, 828 (2d Cir. 1994) (quoting
 
 Pesina v. Johnson,
 
 913 F.2d 53, 54 (2d Cir.1990)),
 
 cert. denied,
 
 — U.S. -, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995). This Court reviews the procedural history of each claim individually to determine whether the exhaustion requirement has been met.
 
 See Thomas v. Scully,
 
 854 F.Supp. 944, 950 (E.D.N.Y.1994).
 

 A second requirement, apart from exhaustion, is the doctrine of procedural default. If the last state court considering a claim “clearly and expressly” declines to address the merits because the petitioner has failed to meet a state procedural requirement, a federal court is barred from considering the claim on a petition for a writ of habeas corpus.
 
 See Coleman v. Thompson,
 
 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). A procedural default also arises if a petitioner has not exhausted his state remedies, but the state court to which he would be required to present his claim, would find the claim procedurally barred.
 
 See Coleman,
 
 501 U.S. at 735 n. 1, 111 S.Ct. at 2557 n. 1. In such a case, the claim is deemed exhausted, but may not be reviewed by a federal court because of the procedural default.
 

 A procedural bar may be overcome, permitting a federal court to review the merits, “only upon a showing of cause for the default and prejudice to the petitioner,”
 
 Bossett,
 
 41 F.3d at 829 (citing
 
 Wainwright v. Sykes,
 
 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977)), or upon a showing “that failure to consider the federal claim will result in a ‘fundamental miscarriage of justice.’ ”
 
 Harris v. Reed,
 
 489 U.S. 255, 262-63, 109 S.Ct. 1038, 1042-43, 103 L.Ed.2d 308 (1989) (quoting
 
 Murray v. Carrier,
 
 477 U.S. 478, 495, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)).
 

 Cause may be demonstrated by, for example, “showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that ‘some interference by state officials’ made compliance impracticable, ... [or that] the procedural default is the result of ineffective assistance of counsel.”
 
 Murray,
 
 477 U.S. at 488, 106 S.Ct. at 2645 (citations omitted). Prejudice must be demonstrated by showing that the errors at trial “worked to [the petitioner’s] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.”
 
 United States v. Frady,
 
 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982). A fundamental miscarriage of justice may be demonstrated by showing, through “new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial,” that “it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.”
 
 Schlup v. Delo,
 
 — U.S. -, ----, 115 S.Ct. 851, 865-67, 130 L.Ed.2d 808 (1995).
 

 
 *254
 
 b.
 
 Fifth and Fourteenth Amendment Due Process Claim
 

 Taylor first claims that because assault in the first degree is not a lesser included offense of the offense with which he was charged, namely, attempted murder in the second degree, his assault conviction was obtained without due process of law in violation of the Fifth and Fourteenth Amendments. Specifically, he argues that because first degree assault was not charged in the indictment, he did not have notice of the charges against him.
 

 “The exhaustion requirement is not satisfied unless the federal claim has been ‘fairly presented’ to the state courts.”
 
 Daye v. Attorney General,
 
 696 F.2d 186, 191 (2d Cir. 1982) (citations omitted). “In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court.”
 
 Daye,
 
 696 F.2d at 191. However, the constitutional nature of a federal claim may be fairly presented to the state courts without citing “chapter and verse of the Constitution,” by:
 

 (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (e) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.
 

 Daye,
 
 696 F.2d at 194.
 

 On appeal, Taylor claimed that his conviction of first degree assault violated his due process rights because first degree assault is not a lesser included offense of the offense with which he was charged and therefore he lacked notice of the charges against him. Furthermore, Taylor cited and discussed in his appellate brief a New York case involving the right to a “fair trial,”
 
 People v. Carroll,
 
 37 A.D.2d 1015, 325 N.Y.S.2d 714, 717 (3d Dep’t 1971). Although Taylor did not explicitly refer to the Constitution, this Court finds that he asserted his due process claim in terms so particular as to call to mind the right to due process guaranteed by the Constitution.
 
 See Daye,
 
 696 F.2d at 193 (“If the defendant claimed that he was accused of one crime but convicted of an entirely different crime and hence was denied a fair trial, no reasonable jurist would doubt that the defendant’s claim implicated his constitutional right to due process of law.”).
 

 Moreover, after the Appellate Division affirmed his conviction, Taylor specifically brought his federal due process claim to the attention of the New York Court of Appeals. In a letter application for leave to appeal, dated January 10, 1992, Taylor requested review of his due process claim, arguing that his conviction of first degree assault involved violations of “state and federal rights to due process of law,” and referring the Court of Appeals to his appellate brief.
 

 Having presented his claim to the highest state court on appeal, Taylor need not have also raised the claim collaterally in order to exhaust his available state remedies under § 2254.
 
 See Daye,
 
 696 F.2d at 191 n. 3. Thus, because Taylor “fairly presented” his federal due process claim to the state courts, he has met the exhaustion requirement with respect to this claim.
 

 However, even though the federal claim has been exhausted, this Court may “not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.”
 
 Coleman,
 
 501 U.S. at 729, 111 S.Ct. at 2553. “This rule applies whether the state law ground is substantive or procedural.”
 
 Coleman,
 
 501 U.S. at 729, 111 S.Ct. at 2554. A state procedural bar precluding federal habeas review may arise through the failure to preserve an issue for appeal through contemporaneous objection.
 
 See, e.g., Tsirizotakis v. LeFevre,
 
 736 F.2d 57, 61-62 (2d Cir.),
 
 cert. denied,
 
 469 U.S. 869, 105 S.Ct. 216, 83 L.Ed.2d 146 (1984);
 
 Edwards v. Jones,
 
 720 F.2d 751, 754 (2d Cir. 1983).
 

 Here, the Appellate Division held that Taylor’s due process claim was barred from review on the merits because Taylor had waived it by “expressly request[ing] that as
 
 *255
 
 sault in the first degree be submitted as a lesser included offense of attempted murder in the second degree.”
 
 People v. Taylor,
 
 577 N.Y.S.2d at 74 (citing N.Y.Crim.Proc.Law § 300.50(1);
 
 People v. Ford,
 
 62 N.Y.2d 275, 476 N.Y.S.2d 783, 465 N.E.2d 322 (1984)). The Appellate Division was the last state court to render a reasoned judgment on this due process claim. The subsequent order of the Court of Appeals denying leave to appeal stated only that, as to Taylor’s claims, “there is no question of law presented which ought to be reviewed by the Court of Appeals.”
 
 People v. Taylor,
 
 79 N.Y.2d 1008, 584 N.Y.S.2d 462, 594 N.E.2d 956 (1992). This subsequent order is presumed to rest on the same procedural bar.
 
 See Ylst v. Nunnemaker,
 
 501 U.S. 797, 803, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991). Therefore, although Taylor’s due process claim is exhausted, it is also procedurally defaulted.
 

 Taylor has not demonstrated cause for the default. He alleges that the ineffective assistance of appellate counsel caused the procedural default. He argues that appellate counsel’s performance fell below the constitutional standard because she failed to raise on appeal the issue of trial counsel’s ineffective assistance in requesting the jury instruction on first degree assault. Because the Appellate Division was not presented with the claim for ineffective assistance of trial counsel, according to Taylor, it was able to rest its dismissal of the appeal on the independent and adequate state procedural ground that trial counsel’s failure to object barred review of the merits.
 

 While ineffective assistance of counsel may constitute a cause for procedural default, the exhaustion doctrine “requires that a claim of ineffective assistance be presented to state courts as an independent claim before it may be used to establish cause for a procedural default” in the context of a petition for a federal writ of habeas corpus.
 
 Murray,
 
 477 U.S. at 489, 106 S.Ct. at 2646. Taylor raises this particular ineffective assistance of appellate counsel claim — based on appellate counsel’s failure to raise the issue of ineffective assistance of trial counsel — for the first time in the instant petition.
 
 [2]
 
 Because he has not justified his failure to comport with New York State’s procedural rules as to this claim, it cannot be held as an adequate cause for his procedural default in state court.
 
 See Murray,
 
 477 U.S. at 489, 106 S.Ct. at 2646.
 

 Even if Taylor were found to have shown cause for the default, he has not shown actual prejudice resulting from the alleged error. He argues that if he had had notice of the charge of first degree assault, he would have presented evidence that the extent of the victim’s injuries did not rise to the level of seriousness required to convict him of first degree assault.
 
 [3]
 
 Taylor has not, however, submitted any such evidence to this Court, and in view of the expert testimony that the victim suffered extensive damage to his intestinal tract, a partially shattered hip and a damaged sciatic nerve, Taylor’s claim lacks credibility.
 

 Moreover, it is not enough that a jury instruction be “undesirable, erroneous, or even universally condemned,” rather the instruction itself must so infect “the entire trial that the resulting conviction violates due process.”
 
 Frady,
 
 456 U.S. at 169, 102 S.Ct. at 1595. Although first degree assault is not a lesser included offense of attempted murder in the second degree,
 
 see People v. Lind,
 
 173 A.D.2d 179, 569 N.Y.S.2d 416, 419 (1991),
 
 affd in part, rev’d in part on other grounds,
 
 79 N.Y.2d 722, 586 N.Y.S.2d 234, 598 N.E.2d 1,
 
 cert. denied,
 
 506 U.S. 1011, 113 S.Ct. 633,
 
 *256
 
 121 L.Ed.2d 563 (1992), it arose out of the criminal transaction identified in the indictment. Thus, the trial court’s submission of the first degree assault charge to the jury did not affect a jurisdictional or constitutional infirmity.
 
 See Ford,
 
 476 N.Y.S.2d at 787, 465 N.E.2d at 326. In addition, the first degree assault charge was clearly warranted by the evidence here, and thus, its submission to the jury did not rise to the level of a federal constitutional error.
 
 Cf. Beck v. Alabama,
 
 447 U.S. 625, 635-36, 100 S.Ct. 2382, 2388-89, 65 L.Ed.2d 392 (1980) (citing
 
 Keeble v. United States,
 
 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973)).
 

 Finally, Taylor has not alleged that he is actually innocent of assault in the first degree. Thus, he has not met a threshold requirement for the finding of a fundamental miscarriage of justice.
 
 See Murray,
 
 477 U.S. at 496, 106 S.Ct. at 2649.
 

 c.
 
 Fifth Amendment Grand Jury Claim
 

 Taylor next contends that under the Fifth Amendment, he cannot be convicted of an offense different from that which was included in the indictment returned by a grand jury. Because assault in the first degree was not included in the grand jury indictment, Taylor argues that he is entitled to a writ of habeas corpus setting aside his assault conviction. However, “the Fifth Amendment right to indictment by a grand jury was not incorporated by the Due Process Clause of the Fourteenth Amendment, and accordingly, does not pertain to the states.”
 
 Fields v. Soloff,
 
 920 F.2d 1114, 1118 (2d Cir.1990) (citing
 
 Hurtado v. California,
 
 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884)). Thus, Taylor does not have a claim based on the Fifth Amendment Grand Jury Clause.
 

 Even if Taylor did have a Fifth Amendment claim, he did not present this claim to the Appellate Division on appeal. Nor did he raise this claim in his motion for a writ of error
 
 coram nobis.
 
 Generally, if a habeas petition contains unexhausted claims, a federal court should dismiss it.
 
 See Rose,
 
 455 U.S. at 510, 102 S.Ct. at 1199. “However, if the petitioner no longer has ‘remedies available’ in the state courts under 28 U.S.C. § 2254(b),” the court may deem the claim exhausted.
 
 Bossett,
 
 41 F.3d at 828 (citations omitted). Here, Taylor no longer has “remedies” available in the state courts on this Fifth Amendment Grand Jury claim. The failure to raise the claim before the Court of Appeals precludes further consideration in the New York courts because he has already made the one request for leave to appeal to which he is entitled.
 
 See
 
 N.Y.Court Rules § 500.10(a). Nor can Taylor now seek collateral review.
 
 See Bossett,
 
 41 F.3d at 829 (citing N.Y.Crim.Proc.Law § 440.10(2)(a) & (c) (McKinney 1994) (barring collateral review if claim raised and addressed on direct appeal or if claim could have been raised on direct review but was not)).
 

 Accordingly, because it would be fruitless to require Taylor to pursue this claim in state court, the claim would be deemed exhausted. The same procedural default, however, would prevent this Court from addressing the merits of the claim. Taylor has shown neither cause for the default nor prejudice to him in connection with this claim. Although he alleges ineffective assistance of appellate counsel, he does not base his allegations on appellate counsel’s failure to raise on appeal this Fifth Amendment claim.
 

 d.
 
 Ineffective Assistance of Counsel
 

 Finally, Taylor argues that trial counsel’s request for a jury instruction on first degree assault, which was not a lesser included offense of the offense with which he was charged, constituted ineffective assistance of trial counsel. He also argues that appellate counsel’s failure to raise on appeal the issue of ineffective assistance of trial counsel constituted ineffective assistance of appellate counsel.
 

 Taylor’s ineffective assistance of trial counsel claim was raised for the first time in the instant petition. No state court has reviewed it. It was not raised on direct appeal, and there is no indication in the record that Taylor has ever sought relief pursuant to a motion under New York Criminal Procedure
 
 *257
 
 Law § 440.10.
 
 [4]
 
 Although Taylor did raise an ineffective assistance of appellate counsel claim in his
 
 coram nobis
 
 motion, it was based on grounds different from those asserted here.
 

 Respondent argues that because Taylor has not exhausted his available state court remedies in connection with these claims the petition must be dismissed without prejudice in its entirety as a mixed petition, see
 
 Rose, 455
 
 U.S. at 522, 102 S.Ct. at 1205. In response, Taylor asserts that with these arguments he “merely seeks to bolster his long standing exhausted claim of ineffective assistance of appellate counsel,” rather than adding additional claims, and thus, this Court need not dismiss the petition as mixed,
 
 see Walker v. Hood,
 
 679 F.Supp. 872, 375 & n. 3 (S.D.N.Y.1988) (accepting petitioner’s argument that, in presenting new arguments, he merely intended to bolster his three original claims but did not intend to raise additional unexhausted claims).
 

 With this argument, Taylor successfully steers clear of the exhaustion requirement, but runs into Rule 9(b) of the Rules Governing Section 2254 Cases. Rule 9(b) provides,
 

 A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 

 Rules Governing Section 2254 Cases 9(b).
 

 Here, Taylor raised his “long standing exhausted claim of ineffective assistance of appállate counsel” in his second habeas petition. The claim was denied on the merits. Thus, to the extent Taylor’s seeks to bolster that claim in the instant petition, it must be dismissed as “successive” under Rule 9(b).
 
 See Kuhlmann v. Wilson,
 
 477 U.S. 436, 444, 106 S.Ct. 2616, 2621, 91 L.Ed.2d 364 (1986).
 

 2.
 
 Abuse of the Writ
 

 Alternatively, this petition may be dismissed for abuse of the writ.
 
 McCleskey v. Zant,
 
 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), set the standard for determining whether a petitioner has abused the writ of habeas corpus.
 
 McCleskey
 
 held that a petitioner who raises a new claim in a subsequent petition that could have been raised in the first is subject to having the petition dismissed for abuse of the writ.
 
 See McCleskey,
 
 499 U.S. at 487-96, 111 S.Ct. at 1466-71.
 
 McCleskey
 
 further held that the cause and prejudice test derived from
 
 Wainwright v. Sykes,
 
 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), applies to determine whether a subsequent petition is abusive.
 
 McCleskey,
 
 499 U.S. at 493, 111 S.Ct. at 1469. If the petitioner cannot demonstrate cause and prejudice, or a fundamental miscarriage of justice, the new petition should be dismissed.
 
 McCleskey,
 
 499 U.S. at 494r-95, 111 S.Ct. at 1470-71.
 

 The respondent must plead abuse of the writ by setting forth with particularity the petitioner’s history of applications for habeas relief. Here, the respondent has set forth with particularity Taylor’s federal habeas history and correctly argues that the instant petition is abusive because the claims were known to Taylor and should have been included in his second petition.
 

 
 *258
 
 Taylor clearly knew of Ms due process claim when he filed Ms second petition, because he raised it on appeal and in Ms first petition which was dismissed without prejudice. Taylor has not demonstrated cause and prejudice to excuse his failure to raise the due process claim in Ms second petition. Nor has he shown that a fundamental miscarriage of justice will result from a failure to consider the merits of tMs claim.
 

 As explained above, Taylor does not have a Fifth Amendment Grand Jury claim, but even if he did, it should also have been raised in his second petition. The factual and legal basis for the claim was reasonably available to Taylor at the time he filed Ms second petition, because it is based on facts occurring at the time of trial. Moreover, Taylor has not demonstrated cause and prejudice to excuse Ms failure to raise the Fifth Amendment claim. Nor has he shown that a fundamental miscarriage of justice would result from this Court’s failure to consider the merits of Ms Fifth Amendment Grand Jury claim.
 

 Finally, an abuse of the writ exists here where Taylor asserts new grounds for an ineffective assistance of counsel claim wMch were reasonably available to him at the time he filed his second petition. He has not shown cause and prejudice to excuse Ms failure to present those grounds in Ms second petition, nor that failure by tMs Court to consider the merits of this claim will result in a fundamental miscarriage of justice. He has not alleged that the allegedly ineffective appellate counsel represented him on Ms second habeas petition, nor could he. Taylor proceeded
 
 pro se
 
 on that petition.
 

 In conclusion, for the reasons discussed above, Taylor’s petition for a writ of habeas corpus is demed. The Court finds that the petition presents no question of substance for appellate review, and therefore a certificate of probable cause will not issue.
 
 See Rodriquez v. Scully,
 
 905 F.2d 24, 24 (2d Cir.1990) (per curiam).
 

 SO ORDERED.
 

 [1]
 

 . In his memorandum of law attached to his petition, Taylor also cites two Supreme Court cases dealing with the Fifth Amendment Double Jeopardy Clause,
 
 Price v. Georgia,
 
 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), and
 
 Green v. United States,
 
 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). The Double Jeopardy Clause of the Fifth Amendment and the cases cited by Taylor have no bearing on Taylor's circumstances.
 
 Pnce
 
 held that where a state defendant, charged with murder and found guilty of the lesser included offense of voluntary manslaughter, sought and obtained reversal of his initial conviction upon appeal, no aspect of the bar on double jeopardy prevented his retrial for that crime, but because the first verdict was limited to the lesser included offense, retrial was to be limited to that lesser offense.
 
 See Price,
 
 398 U.S. at 329, 90 S.Ct. at 1761.
 

 In
 
 Green,
 
 the petitioner had been tried and convicted of first degree murder after an earlier guilty verdict on the lesser included offense of second degree murder had been set aside on appeal. In the first trial, the jury was instructed to find the defendant guilty of either first degree murder or, alternatively, second degree murder. The Supreme Court held that the second trial of the defendant for first degree murder violated the constitutional prohibition against double jeopardy, and that the defendant had not waived that constitutional defense by making a successful appeal of his improper conviction of second degree murder.
 
 See Green,
 
 355 U.S. at 191-92, 78 S.Ct. at 225-26.
 

 
 *253
 
 Here, Taylor’s conviction for first degree assault was affirmed, not reversed, on appeal. He has neither been retried for that crime, nor retried for any of the crimes charged in the indictment.
 

 [2]
 

 . Although Taylor raised an ineffective assistance of appellate counsel claim in his
 
 comm nobis
 
 motion, it was based on grounds different from those asserted here. Moreover, because that claim was denied as meritless in Taylor’s second habeas petition, it cannot be held as an adequate cause for his procedural default in state court.
 
 See Murray,
 
 477 U.S. at 489, 106 S.Ct. at 2646.
 

 [3]
 

 . Under New York Penal Law, a person is guilty of second degree attempted murder when: (1) with intent to cause the death of another person; (2) he engages in conduct which tends to effect the death of such person or of a third person. N.Y.Penal L. §§ 110.00, 125.25(1) (McKinney’s 1987). A person is guilty of first degree assault when (1) with intent to cause serious physical injury to another person, (2) he causes such injury to such person or to a third person, (3) by means of a deadly weapon or dangerous instrument. N.Y.Penal L. § 120.10 (McKinney’s 1987).
 

 [4]
 

 . Under New York law, if a claim of ineffective assistance of trial counsel is based on matters as to which the record is clear, the claim may be reviewed by an appellate court on direct appeal. Ordinarily, however, such a claim is addressed to the trial court in a motion pursuant to New York Criminal Procedure Law § 440.10, rather than to the Appellate Division on direct appeal, because it usually relates to matters of which only the trial court is aware, requires knowledge and/or review of the entire proceedings at the trial level and/or of which no record was ever made at the trial level and, thus, would require the making of an additional record before the Appellate Division would be able to review what occurred.
 
 See Caballero v. Keane,
 
 42 F.3d 738, 740 (2d Cir. 1994).
 

 Taylor also did not raise the claim in his motion for a writ of error
 
 coram nobis,
 
 although it appears that the claim could not have been properly raised in that motion, because it was made in the Appellate Division (seeking review of a claim for ineffective assistance of appellate counsel).
 
 See Garcia v. Scully,
 
 907 F.Supp. 700, 702-03 n. 1, 706 n. 2 (S.D.N.Y.1995).